SCHWARTZ v PIPER AIRCRAFT CORPORATION

Docket No. 78-1452. Submitted April 16, 1979, at Detroit.—Decided May 22, 1979. Leave To appeal applied for.

In 1974 an Oakland County jury returned a verdict against defendant, Piper Aircraft Corporation, and in favor of plaintiffs, Gregory J. Schwartz and Judith M. Schwartz. After various appellate proceedings had been concluded defendant paid the principal sum plus simple interest of six percent. The Oakland Circuit Court, Alice L. Gilbert, J., ordered defendant to pay interest compounded annually from the date of filing of the complaint. Defendant appeals. *Held:*

The statute providing for interest on judgment allows only simple interest.

Reversed. An order shall enter showing the judgment against the defendant paid in full.

JUDGMENT — STATUTES — INTEREST ON JUDGMENTS.

The statute providing for interest on judgments at the rate of six percent per annum from the date of filing of the complaint does not allow a trial court to compound the interest from the date of filing; the statute provides for only simple interest from the date of filing (MCL 600.6013; MSA 27A.6013).

*Valenti & Winiemko, P.C.,* for plaintiffs.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.,* for defendant.

Before: DANHOF, C.J., and J. H. GILLIS and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. On July 26, 1974, an Oakland County jury returned verdicts in favor of the

REFERENCES FOR POINTS IN HEADNOTE
45 Am Jur 2d, Interest and Usury §§ 11, 59, 60, 73, 74, 96-98.
Date of verdict or date of entry of judgment thereon as beginning of interest period on judgment. 1 ALR2d 479.

plaintiffs as a result of an airplane accident which occurred on March 29, 1969. After the conclusion of various appellate proceedings, defendant paid the principal sum due plus simple interest of six percent per year.[1] Thereafter, on January 18, 1978, Judge Gilbert entered an order granting plaintiffs' motion to compel payment of judgment interest compounded annually from the date of the filing of the complaint. Defendant appeals from that order by right.

Our question of first impression is whether MCL 600.6013; MSA 27A.6013, which provides for interest at the rate of six percent per annum on a judgment from the date of the filing of the complaint, allows a trial court to compound the interest from the date that suit was filed. We conclude that it does not.

As the parties point out, this case does not deal with interest as a part of damages.[2] We are only concerned with the statutory interest referred to in MCL 600.6013, which states:

"Interest shall be allowed on any money judgment recovered in a civil action, such interest to be calcu-

[1] Defendant's application for leave to appeal the 1974 verdicts to the Michigan Supreme Court, which verdicts were affirmed by this Court on July 22, 1976, Docket Nos. 22245, 22246, (unreported), was denied on December 1, 1976, 398 Mich 804. The case file was received from this Court by the circuit court on December 7, 1976. A Partial Satisfaction of Judgment, which included the principal sum plus six percent per year simple interest, was dated January 4, 1977, and filed with the circuit court on January 7, 1977.

[2] The distinction between interest on a judgment and interest as an element of damages has been often noted by this Court and the Michigan Supreme Court. The former is computed and added to the general verdict by the Court. *Motyka v Detroit, G H & M R Co,* 260 Mich 396; 244 NW 897 (1932), *Swift v Dodson,* 6 Mich App 480; 149 NW2d 476 (1967). The latter is awarded by the jury as an element of damages. *Vannoy v City of Warren,* 26 Mich App 283; 182 NW2d 65 (1970). Pre-judgment interest from the date of the complaint is purely statutory and is computed and added to the general verdict. It is not an element of damages.

lated from the date of filing the complaint at the rate of 6% per year unless the judgment is rendered on a written instrument having a higher rate of interest in which case interest shall be computed at the rate specified in the instrument if such rate was legal at the time the instrument was executed. In no case shall the rate exceed 7% per year after the date judgment is entered. In the discretion of the judge, if a bona fide written offer of settlement in a civil action based on tort is made by the party against whom the judgment is substantially identical or substantially more favorable to the prevailing party than the judgment, then no interest shall be allowed beyond the date the written offer of settlement is made."

The purpose of the statute is to compensate the prevailing party for delay in the payment of money damages. *Waldrop v Rodery,* 34 Mich App 1; 190 NW2d 691 (1971). But since the statute under consideration is in derogation of common law, which did not generally allow interest on judgments, it must be strictly construed. See *Motyka v Detroit, G H & M R Co,* 260 Mich 396; 244 NW 897 (1932).

While Michigan appellate courts have not addressed the precise issue under consideration, those courts which have dealt with similar problems have uniformly rejected compound interest except where specifically authorized by statute or in cases where compounding of interest was granted as a penalty for some misconduct on the part of a defendant. See Anno: *Right to interest on overdue instalments of interest, in absence of provision therefor* 27 ALR 81, and see generally 14 Michigan Law & Practice, Interest, § 12, p 453.

Recently, in *Lewis v Stran-Steel Corp,* 58 Ill App 3d 280; 373 NE2d 714 (1978), the Illinois Court of Appeals held that Section 3 of the Illinois Interest Act, which provides that "Judgments recovered

before any court or magistrate shall draw interest at the rate of 5% [6%] per annum from the date of the same until satisfied", did not allow for recovery of compound interest on a judgment.[3]

And in *State Highway Dep't v Owens,* 120 Ga App 647; 171 SE2d 770 (1969), the Georgia Court of Appeals concluded that the statutory language "All judgments in this State shall bear lawful interest upon the principal amount recovered" did not permit interest on interest.

Finally, in *Indiana Telephone Corp v Indiana Bell Telephone Co,* 360 NE2d 610 (Ind App, 1977), the Indiana Court of Appeals cited early precedent and contract law and held that interest may not be compounded by computing interest upon an amount awarded as damages in the form of interest for delayed payment of a debt.

In the present case, the trial court concluded and plaintiffs argue that the words "at the rate of *6% per year* mean six percent per annum, compounded on a per annum basis. We disagree. MCL 600.6013 provides for interest solely on the judgment amount. And since interest which accrues on the judgment is not part of the judgment, the statute does not permit interest on accrued interest. The statute provides only for simple interest at the rate of six percent per year. See *Lewis, supra.*

---

[3] Ill Rev Stat 1967 ch. 74, par. 3 provides in full:

"Judgments recovered before any court or magistrate shall draw interest at the rate of 5% [6%] per annum from the date of the same until satisfied. When judgment is entered upon any award, report or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment. Provided, however, that the judgment debtor may by tender of payment of judgment, costs and interest accrued to date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of appeal, writ of error, or other steps to reverse, vacate or modify the judgment."

Plaintiffs also claim that it was the intent of the Legislature to fully compensate the judgment creditor for lost use of the judgment funds through interest, and that this intent is best effectuated by interpreting the statute to allow for compounded interest. Plaintiffs' argument is not persuasive. The concept of fully compensating the judgment creditor is not subject to any particular method of computing interest. See *Lewis, supra.*

We realize that low judgment interest in times of high inflation encourages judgment debtors to postpone payment of their debts as long as possible. But compounding six percent interest on an annual basis would not solve that problem. In any event, adjustment of the statutory interest figure is a legislative function, not a court function.

The trial court's order granting six percent interest compounded yearly is reversed. An order shall enter showing the judgment against the defendant paid in full. Costs to defendant.