## GAGE v FORD MOTOR COMPANY

Docket Nos. 64173, 65748. Submitted November 8, 1983, at Detroit.—
Decided April 2, 1984. Leave to appeal applied for.

William C. Gage, administrator of the estate of Frederick W. L.
Denlar, deceased, filed a wrongful death action against Ford
Motor Company in Wayne Circuit Court. Great American
Insurance Company, Ford Motor Company's workers' compen-
sation carrier, was added as a party plaintiff. A judgment in
favor of plaintiffs was entered, Joseph B. Sullivan, J. Defendant
appealed. The Court of Appeals affirmed, 102 Mich App 310
(1980). Leave to appeal was denied by the Supreme Court, 411
Mich 1070 (1982). Defendant paid the judgment plus interest at
6% simple interest from the date of filing of the complaint
until June 1, 1980, and thereafter at the rate of 12% per year
compounded annually. Defendant sought a satisfaction of judg-
ment, which plaintiffs refused to execute, asserting that the
interest was improperly calculated. Upon motion by defendant,
the trial court entered an order compelling plaintiffs to execute
a satisfaction of judgment. Plaintiffs filed separate applications
for leave to appeal to the Court of Appeals. Leave was granted
and the appeals consolidated. *Held:*

1. The trial court correctly determined that the 6% interest
from the date of the filing of the complaint until June 1, 1980,
should be computed as simple interest.

2. The annually compounded 12% interest rate commencing
June 1, 1980, applies to the amount of the judgment combined
with the amount of interest which has accrued to that date at
the simple 6% interest rate rather than just to the judgment
amount and accrued 12% interest thereafter as the trial court
ruled.

Affirmed in part; reversed in part.

1. Interest — Judgment Interest — Simple Interest — Com-
   pounded Interest.
   Judgment interest on a cause of action, litigation of which was

References for Points in Headnotes
[1-3] 45 Am Jur 2d, Interest and Usury §§ 96, 97.
[1, 3] 45 Am Jur 2d, Interest and Usury §§ 76, 78.
[2] 73 Am Jur 2d, Statutes § 278 *et seq.*

commenced prior to June 1, 1980, should be computed as simple interest from the date of the filing of the complaint until June 1, 1980; thereafter, the interest is to be compounded annually (MCL 600.1013; MSA 27A.6013).

2. INTEREST — JUDGMENT INTEREST — STATUTES — JUDICIAL CONSTRUCTION.

Statutes dealing with interest on judgments are remedial in character and should be liberally construed to effect their intents and purposes.

3. INTEREST — JUDGMENT INTEREST — SIMPLE INTEREST — COMPOUNDED INTEREST.

Judgment interest is to be compounded annually at a rate of 12% after June 1, 1980; where a judgment is rendered in a cause of action filed prior to that date, the rate of interest is to be 6% computed as simple interest from the date of filing of the complaint until June 1, 1980; thereafter the rate of 12% compounded annually applies to the amount of judgment combined with interest which has accrued to June 1, 1980, at the 6% simple interest rate (MCL 600.6013; MSA 27A.6013).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Richard D. Toth),* for William C. Gage.

*Johnson, Campbell & Moesta, P.C.* (by *Reginald S. Johnson),* for Great American Insurance Company.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Michael F. Schmidt* and *Alice M. Rhodes),* for defendant.

Before: T. M. BURNS, P.J., and GRIBBS and C. J. HOEHN,* JJ.

GRIBBS, J. Plaintiff Gage filed a wrongful death action against defendant in 1974. Great American Insurance Company was later added as a party plaintiff. After appeals, a judgment for

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiffs for $1.5 million was affirmed. Defendant paid the judgment plus interest pursuant to MCL 600.6013; MSA 27A.6013, as amended by 1980 PA 134. Plaintiffs refused to execute the satisfaction of judgment, asserting that the interest was improperly calculated. Upon motion, the trial court granted an order compelling plaintiffs to execute a satisfaction of judgment. Leave to appeal was granted by this Court to consider this post-judgment order. We affirm in part and reverse in part.

Two aspects of the statute are in dispute. We will consider them separately.

I

Should the 6% interest to be applied from the date of complaint until June 1, 1980, be computed as simple interest or as interest compounded annually? The statute provides in pertinent part:

"(1) Interest shall be allowed on a money judgment recovered in a civil action, as provided in this section.

"(2) For complaints filed before June 1, 1980, in an action involving other than a written instrument having a rate of interest exceeding 6% per year, the interest on the judgment shall be calculated from the date of filing the complaint to June 1, 1980 at the rate of 6% per year and on and after June 1, 1980 to the date of satisfaction of the judgment at the rate of 12% per year compounded annually.

"(3) For complaints filed before June 1, 1980, in an action involving a written instrument having a rate of interest exceeding 6% per year, the interest on the judgment shall be calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate specified in the instrument if the rate was legal at the time the instrument was executed. However, the rate after the date judgment is entered shall not exceed the following:

"(a) Seven percent per year compounded annually for

any period of time between the date judgment is entered and the date of satisfaction of the judgment which elapses before June 1, 1980.

"(b) Thirteen percent per year compounded annually for any period of time between the date judgment is entered and the date of satisfaction of the judgment which elapses after May 31, 1980." MCL 600.6013; MSA 27A.6013.

In considering this issue we must first decide if the statute is clear and unambiguous on its face. If so, then it must be applied, not interpreted. *City of Lansing v Lansing Twp,* 356 Mich 641, 649; 97 NW2d 804 (1959). It is apparent from a reading of the statute that it is *not* clear and unambiguous as to whether the 6% interest should be compounded annually. Nor is it clear whether the 12% interest should be compounded as to the principal judgment amount only. Therefore, the statute must be interpreted according to the rules of statutory construction.

In *Denham v Bedford,* 407 Mich 517, 528; 287 NW2d 168 (1980), the Supreme Court, in reference to this statute, said:

"[I]t is clear that the prejudgment interest statute *is* a remedial statute entitled to liberal interpretation." (Emphasis in original.)

Nevertheless, the cardinal rule of statutory construction is to ascertain and give effect to the intention of the Legislature. *Lansing, supra,* p 648.

In attempting to ascertain the intention of the Legislature in this regard the parties have cited rules of grammar, public policy, the internal construction of the statute and legislative history. Rules of grammar can support either interpretation. The "rule of the last antecedent" supports

defendant's interpretation of simple interest, while the "dominant purpose" exception to that rule would support plaintiffs' interpretation of compounded interest. See *Haveman v Kent County Road Comm'rs,* 356 Mich 11, 18; 96 NW2d 153 (1959). With regard to public policy, defendant's argument that the compounded interest is against public policy is without merit. Defendant ignores the fact that the statute in question was adopted in 1980 to specifically provide for compounded interest. Cases cited by defendant in this regard are without value since none consider the Legislature's adoption of this statute. By 1980, economic conditions were making it plain that simple interest was virtually obsolete. Defendant's reliance on *Schwartz v Piper Aircraft Corp,* 90 Mich App 324; 282 NW2d 306 (1979), is misplaced. *Schwartz* was decided before the statute in question was adopted. To assert that the words in question ("6% interest per year") were carried over from the statute interpreted by *Schwartz* ignores the current statute and the very issue in dispute. Indeed, the Court in *Schwartz* anticipated the amendment when it stated:

"We realize that low judgment interest in times of high inflation encourages judgment debtors to postpone payment of their debts as long as possible. But compounding six percent interest on an annual basis would not solve that problem. In any event, adjustment of the statutory interest figure is a legislative function, not a court function." 90 Mich App 328.

Evidently, the Legislature felt that 6% compounded would not be enough either, so it doubled the 6% rate and provided for compounding.

With regard to the internal construction of the statute, defendant points out that everywhere else

in the statute, when an interest percentage is mentioned, it is followed by the words "compounded annually". Hence, defendant contends that the proper inference to make is that the Legislature intentionally omitted "compounded annually" when referring to the 6% rate.

Plaintiffs on the other hand, suggest that the Legislature *did* follow "6% per year" with the phrase "compounded annually" and put the modifier at the end of the sentence so that it could apply to both. Plaintiffs further contend that because "simple interest" is mentioned nowhere in the statute, such an omission reflects the clear intention of the Legislature that the dominant theme of compounded interest be applied throughout.

With regard to legislative history, defendant cites *Bennetts v State Employees Retirement Bd,* 95 Mich App 616; 291 NW2d 147 (1980), for the proposition that legislative intent may be determined by looking to extrinsic aids showing the objects sought to be achieved and the problem which the bill addresses.

Defendant first argues that the recollections of a prior associate general counsel for the Senate Judiciary Committee, contained in an affidavit attached to his brief, are evidence of the intent of the Legislature. As plaintiff Gage points out, and as the trial court held at the motion hearing, such recollections are inadmissible. See *Bd of Ed of Presque Isle Twp School Dist No 8 v Presque Isle County Bd of Ed,* 364 Mich 605, 612-613; 111 NW2d 853 (1961). In addition, the bill that was ultimately adopted was significantly different from the bill that the Senate Judiciary Committee considered.

Defendant next points to comments made in two

House legislative analysis reports dated April 22, 1980, and May 27, 1980. Under the heading "Content of the Bill" in each analysis, the writer interpreted the bill as referring to 6% simple interest in the pertinent subsection:

"The interest rate on the money judgment on such a complaint would be calculated from the date that the complaint was filed until May 1, 1980 [later amended to June 1, 1980], at the *current* rate of six percent per year * * *." (April 22, 1980, report.) (Emphasis added.)

"Interest on such judgments would accrue at the *present* rate of six percent from the date a complaint was filed until June 1, 1980 * * *." (May 27, 1980, report.) (Emphasis added.)

The April 22, 1980, report was an analysis of the House substitute bill. The May 27, 1980, report was prepared *after* the bill had passed both chambers and the day before the Governor signed it into law. The reports add weight to defendant's argument.

This Court finds defendant's interpretation more persuasive. With regard to the rules of grammar, the "rule of the last antecedent" is more applicable than the exception to that rule since a "dominant purpose" to provide for compounding before the effective date has not been shown. This Court reads the insertion of the effective date as having the effect of "separating" not only the application of 6% versus 12%, but simple versus compound interest as well. As for public policy, the application of 12% interest compounded annually, after the effective date of the statute, would certainly satisfy the problem the statute sought to address.

Viewing the statute syntactically, the phrase "compounded annually" is not separated from the remainder of subparagraph 2 by a comma or other

form of punctuation. The adverbial phrase therefore applies only to its nearest antecedent, the 12% interest, and not to the remote antecedent of 6% interest. Had the Legislature intended to alter the simple interest construction of the 6% language, which is essentially carried forth from the prior version of the statute, it would have written subparagraph 2 to read:

"* * * At the rate of 6% per year compounded annually and on and after June 1, 1980 to the date of satisfaction of the judgment at the rate of 12% per year compounded annually."

Alternatively, by separating the phrase "compounded annually" by a comma, the Legislature could have accomplished the same substantive change, since the modifier would then apply to the entire subsection.

Applying the rule of the last antecedent, we conclude that the Legislature intended to apply the 6% simple interest as per the prior statute. The trial court correctly interpreted this aspect of the relevant subsection at issue.

## II

Should the 12% be compounded only on the original judgment amount as the trial court ordered, or on the balance owing as of June 1, 1980?

The statute is clearly open to either construction. Construing the statute on a clean slate, it is clear that the 1980 amendment reflects a legislative intent to deter dilatory tactics by civil defendants who, at 6% simple interest, had no incentive whatsoever to promptly settle claims against them. Those parties were able to enjoy plaintiff's money at interest rates below market and in

effect earn a rate of return of the difference between 6% simple interest and market rate interest. The 12% compound interest provision was an attempt to bring judgment interest into line with prevailing market rates and thereby provide a disincentive to delay and eliminate some needless litigation which has been clogging the courts for strictly tactical and economic reasons.

In *Denham, supra,* the Supreme Court held that the statutes dealing with interest on judgments are remedial in character and should be liberally interpreted, both on general principles and by specific direction, inasmuch as the Revised Judicature Act specifically directs that the entire act, being remedial in character, shall be liberally construed to effectuate its intents and purposes. MCL 600.102; MSA 27A.102.

The statutory language reasonably lends itself to the conclusion that the 12% interest rate applies to the amount of the judgment, plus interest accrued as of June 1, 1980, in that the annual compounding begins "on and after June 1, 1980". Since compound interest actually represents interest upon interest, the new interest rate should apply to any interest that has accrued as of the date that the compounding begins.

Based on the foregoing, this Court concludes that the 12% interest rate commencing June 1, 1980, applies to the amount of the judgment combined with interest which has accrued to that date at the 6% simple interest rate.

This conclusion works no hardship on the defendant. If the judgment was paid on June 1, 1980, the defendant would have paid the plaintiffs the principal amount plus all interest due to that date.

Affirmed in part, reversed in part.