GAGE v FORD MOTOR COMPANY

BURNETT v CUTLER-HAMMER, INC

Docket Nos. 74039, 74040, 73749. Submitted June 25, 1985 (Calendar
Nos. 33, 34).—Decided November 13, 1985. Rehearing denied in
*Burnett,* 424 Mich 1205.

William C. Gage, as administrator of the estate of Frederick W. L.
Denlar, deceased, was awarded a money judgment following a
jury trial in a wrongful death action against the Ford Motor
Company. Following appeals, the defendant paid the judgment
plus interest at the rate of six percent from the date of the
filing of the complaint until June 1, 1980, and thereafter at
twelve percent. The plaintiff refused to execute a satisfaction of
judgment, claiming that the pre-1980 interest should have been
compounded and included in the base on which the twelve
percent interest was calculated. The Wayne Circuit Court,
Joseph B. Sullivan, J., granted the defendant's motion to com-
pel the plaintiffs to execute a satisfaction of judgment. The
Court of Appeals, T. M. Burns, P.J., and Gribbs and Hoehn,
JJ., affirmed in part in an unpublished opinion, holding that
the pre-1980 interest should be calculated at six percent simple
interest until June 1, 1980, and the amount accrued be added
to the judgment for the purpose of computing the twelve
percent compound interest after June 1, 1980 (Docket Nos.
64173, 65748). The defendant appeals, and the plaintiffs cross-
appeal.

Mary Burnett was awarded a money judgment following a jury
trial on a personal injury claim against Cutler-Hammer, Inc.,
and others, in the Oakland Circuit Court. The defendant dis-
puted the amount of interest owed, placed the disputed portion
of interest in escrow, and filed a motion for determination of
the interest question. The court, Frederick C. Ziem, J., granted
the defendants' motion and held that there should be no
compounding of the interest which accrued before June 1, 1980,
either in its initial computation or by including it in the base

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Interest and Usury §§ 59 *et seq.*

See the annotations in the ALR3d/4th Quick Index under topic
Prejudgment Interest.

on which the twelve percent interest would be computed thereafter. The Court of Appeals, BRONSON, P.J., and BEASLEY and CYNAR, JJ., dismissed the plaintiff's claim of appeal (Docket No. 75799). The plaintiff appeals.

In a unanimous opinion by Justice BRICKLEY, the Supreme Court *held:*

Judgment interest which accrued before June 1, 1980, should not be compounded.

1. In amending the provision in the Revised Judicature Act prescribing the rate of judgment interest, the Legislature did not intend to provide for compounding of interest which accrued before June 1, 1980. Rather, the interest was intended to be computed in the manner prescribed before amendment—at a rate of six percent per annum, without compounding.

2. Nor was judgment interest which accrued before June 1, 1980, intended to be included in the base on which the twelve percent compound interest provided by the amendment is computed. At the time the amendment was enacted, the Legislature was aware that the rate of interest in the former statute had been construed to be simple interest, and the Legislature made no attempt to provide for retroactive change. In addition, the amendment provides only for interest on judgments after June 1, 1980, not for interest on judgments and accumulated interest. Under the statute, only interest accruing after June 1, 1980, merges with the judgment and becomes part of the base for calculating future interest.

*Gage,* affirmed in part and reversed in part.

*Burnett,* affirmed.

133 Mich App 366; 350 NW2d 257 (1984) affirmed in part and reversed in part.

INTEREST — JUDGMENT INTEREST.

Judgment interest which accrued before June 1, 1980, was not intended to be compounded or to be included in a base consisting of a judgment and interest accruing after June 1, 1980, on which interest would be calculated at the rate of twelve percent per annum and compounded annually, but is to be computed at the rate of six percent simple interest (1980 PA 134, MCL 600.6013; MSA 27A.6013).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Richard D. Toth*), for plaintiff Gage.

*Reginald S. Johnson* for plaintiff Great American Insurance Company.

*Goodman, Eden, Millender & Bedrosian* (by *Paul A. Rosen* and *Robert A. Koory*) for plaintiff Burnett.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Michael F. Schmidt* and *Michael S. Bogren*), for defendant Ford Motor Company.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *John P. Jacobs* and *Ernest R. Bazzana*), for defendants Cutler-Hammer, Inc., and Verson Allsteel Press Company.

BRICKLEY, J. In these cases, we are asked to determine the proper method of computing interest under the 1980 amendment to MCL 600.6013; MSA 27A.6013.[1] The lower courts have reached conflicting results as to whether, and how, judgment interest accrued before June 1, 1980, should be compounded. We hold that there should be no compounding of that interest.

I

Before 1980 PA 134, MCL 600.6013; MSA 27A.6013 provided:

> Interest shall be allowed on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint at the rate of 6% per year unless the judgment is rendered on a written instrument having a higher rate of interest in which case interest shall be computed at the rate specified in the instrument if such rate was legal at the time the instrument was executed. In no case shall the rate exceed 7% per year after the date judgment is entered. In the discretion of the judge, if a bona fide written offer of settlement in a civil action based on tort is

---

[1] 1980 PA 134, effective June 1, 1980.

made by the party against whom the judgment is subsequently rendered and the offer of settlement is substantially identical or substantially more favorable to the prevailing party than the judgment, then no interest shall be allowed beyond the date the written offer of settlement is made.

That language had been held to provide for simple, rather than compound, interest. See *Schwartz v Piper Aircraft Corp,* 90 Mich App 324; 282 NW2d 306 (1979).

The statute was extensively revised by the 1980 amendment. The paragraphs dealing with actions filed before June 1, 1980, provide the following with regard to computation of interest:

(2) For complaints filed before June 1, 1980, in an action involving other than a written instrument having a rate of interest exceeding 6% per year, the interest on the judgment shall be calculated from the date of filing the complaint to June 1, 1980 at the rate of 6% per year and on and after June 1, 1980 to the date of satisfaction of the judgment at the rate of 12% per year compounded annually.

(3) For complaints filed before June 1, 1980, in an action involving a written instrument having a rate of interest exceeding 6% per year, the interest on the judgment shall be calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate specified in the instrument if the rate was legal at the time the instrument was executed. However, the rate after the date judgment is entered shall not exceed the following:

(a) Seven percent per year compounded annually for any period of time between the date judgment is entered and the date of satisfaction of the judgment which elapses before June 1, 1980.

(b) Thirteen percent per year compounded annually for any period of time between the date

judgment is entered and the date of satisfaction of the judgment which elapses after May 31, 1980.

## II

In *Gage,* plaintiff was awarded by a jury, in March 1979, $1,500,000 in his wrongful death action, filed on August 8, 1974. After exhausting its appeals, defendant paid the judgment and the undisputed portion of the interest, *i.e.,* simple interest of six percent until June 1, 1980, and interest of twelve percent, compounded annually, using the $1,500,000 judgment amount as the base to compute the interest. However, plaintiff refused to execute a satisfaction of judgment, claiming that the interest was improperly calculated. According to plaintiff, the 1980 amendment required that the six percent pre-1980 interest be compounded and that the amount accrued by that date should have been included in the base from which the twelve percent compounded interest was calculated. Defendant moved to compel plaintiff to execute the satisfaction of judgment; following arguments, the trial judge issued such an order on April 14, 1982.

Plaintiff appealed to the Court of Appeals, which affirmed in part and reversed in part, holding that the pre-1980 six percent interest was simple, not compound, interest, but that the amount so accrued as of June 1, 1980, should be added to the judgment amount for purposes of computing the twelve percent compounded interest after June 1, 1980.

The defendant applied for leave to appeal to this Court, challenging the inclusion of the pre-June 1, 1980, interest in the post-June 1, 1980, computation, and the plaintiff applied for leave to appeal as cross-appellant, arguing that the statute re-

quires compounding of interest at the six-percent rate before June 1, 1980.

In *Burnett,* plaintiff likewise recovered $1,500,-000 (later reduced to $1,435,000 pursuant to a prior settlement with one of the defendants) in January 1979, following trial on her personal injury claim filed in August 1975. The defendants placed the disputed portion of the interest in escrow and filed a motion for determination of the interest question. The trial court entered an order on December 12, 1983, concluding that there should be no compounding of the interest accrued before June 1, 1980, either in its initial computation or by including it in the base on which the twelve percent compound interest would be computed thereafter. Thus, the court awarded the escrowed portion of the interest to the defendants.

The plaintiff attempted to file a claim of appeal, but the appeal was dismissed by the Court of Appeals on its own motion on the ground that the order was not appealable of right. The plaintiff applied for leave to appeal to this Court, challenging both the rejection of its claim of appeal[2] and the trial court's decision on the interest issue.

We granted leave to appeal in both cases on April 22, 1985, to resolve the computation of interest question. 422 Mich 873 (1985).

III

In *Gage,* 133 Mich App 366; 350 NW2d 257 (1984), Judge GRIBBS, in addressing the question whether there should be compounding of interest before June 1, 1980, looked to the legislative analyses of the bill that became 1980 PA 134 in attempting to determine the legislative intent:

[2] We agree with the plaintiff that the trial judge's order was a final order appealable as of right. *Gherardini v Ford Motor Co,* 394 Mich 430; 231 NW2d 643 (1975).

Under the heading "Content of the Bill" in each analysis, the writer interpreted the bill as referring to 6% simple interest in the pertinent subsection:

"The interest rate on the money judgment on such a complaint would be calculated from the date that the complaint was filed until May 1, 1980 [later amended to June 1, 1980], at the *current* rate of six percent per year . . . ." (April 22, 1980, report.) (Emphasis added.)

"Interest on such judgments would accrue at the *present* rate of six percent from the date a complaint was filed until June 1, 1980 . . . ." (May 27, 1980, report.) (Emphasis added.) [133 Mich App 372.]

Then, the Court looked to the actual wording of the amendment, concluding that it supported the refusal to compound interest before June 1, 1980:

With regard to the rules of grammar, the "rule of the last antecedent" is more applicable than the exception to that rule since a "dominant purpose" to provide for compounding before the effective date has not been shown. This Court reads the insertion of the effective date as having the effect of "separating" not only the application of 6% versus 12%, but simple versus compound interest as well. As for public policy, the application of 12% interest compounded annually, after the effective date of the statute, would certainly satisfy the problem the statute sought to address.

Viewing the statute syntactically, the phrase "compounded annually" is not separated from the remainder of subparagraph 2 by a comma or other form of punctuation. The adverbial phrase therefore applies only to its nearest antecedent, the 12% interest, and not to the remote antecedent of 6% interest. Had the Legislature intended to alter the simple interest construction of the 6% language, which is essentially carried forth from the prior version of the statute, it would have written subparagraph 2 to read:

". . . At the rate of 6% per year compounded annually and on and after June 1, 1980 to the date of satisfaction of the judgment at the rate of 12% per year compounded annually."
Alternatively, by separating the phrase "compounded annually" by a comma, the Legislature could have accomplished the same substantive change, since the modifier would then apply to the entire subsection.

Applying the rule of the last antecedent, we conclude that the Legislature intended to apply the 6% simple interest as per the prior statute. The trial court correctly interpreted this aspect of the relevant subsection at issue. [133 Mich App 372-373.]

The Court of Appeals agreed with plaintiff, however, on the question whether the amount of interest which previously accrued at the six-percent rate prior to June 1, 1980, should be included in the initial base to which the twelve-percent rate would apply. Recognizing that the statute was open to either construction, the Court expressed the legislative intent behind the 1980 amendment as follows:

Construing the statute on a clean slate, it is clear that the 1980 amendment reflects a legislative intent to deter dilatory tactics by civil defendants who, at 6% simple interest, had no incentive whatsoever to promptly settle claims against them. Those parties were able to enjoy plaintiff's money at interest rates below market and in effect earn a rate of return of the difference between 6% simple interest and market rate interest. The 12% compound interest provision was an attempt to bring judgment interest into line with prevailing market rates and thereby provide a disincentive to delay and eliminate some needless litigation which has been clogging the courts for strictly tactical and economic reasons. [133 Mich App 373-374.]

The Court pointed to *Denham v Bedford,* 407 Mich 517; 287 NW2d 168 (1980), for the proposition that the judgment interest statute is a remedial one, entitled to liberal interpretation, and concluded that

> the 12% interest rate commencing June 1, 1980, applies to the amount of the judgment combined with interest which has accrued to that date at the 6% simple interest rate. [133 Mich App 374.]

We agree with the Court of Appeals in *Gage* that the Legislature did not intend to provide for compounding of interest before June 1, 1980. The analyses of the bill, as well as the wording of the amended statute, clearly indicate the intent that before June 1, 1980, interest was to continue to be computed in the former manner—six percent interest without compounding.

However, we disagree with the Court of Appeals conclusion that the interest that accrued at the six-percent rate before June 1, 1980, should be part of the base on which the later twelve percent compound interest is computed. It is this issue that presents a less obvious answer and about which the parties argued most vigorously.

The plaintiffs contend that even if we hold that compounding does not begin until June 1, 1980, at least on that date the new twelve-percent interest rate ought to be applied to the accumulated[3] six percent interest, even though it was not previously compounded. They also ask that we consider what they believe to be the injustice of allowing the economic benefits of a large sum of accumulated

---

[3] "Accumulated" interest is somewhat misleading as it applies to the prejudgment portion of the interest in that it is not until the judgment is known and entered that interest is computed back to the time of the filing of the complaint. It is only literally accumulated for the postjudgment portion of the interest.

interest to redound to the benefit of the defendant tortfeasors rather than to the plaintiffs.

The defendants argue that the Legislature has spoken clearly and unambiguously on this issue of simple interest versus compound interest by making June 1, 1980, the dividing line between the two approaches. A close reading of the statute convinces us that we do not have the latitude to indulge in policy preferences. It was clear to the Legislature when it embarked on this amendment that the six percent interest had been construed to be simple interest, *Schwartz, supra,* and it made no attempt to change it retroactively. In fact, the Legislature made it clear that the six percent interest would remain in effect for pre-June 1, 1980 judgment interest and that the compounding of interest would not begin until that date. To suggest now that the pre-June 1, 1980 accumulated six percent simple interest should be compounded would violate that June 1, 1980 dividing line. More convincingly, however, the amendment states, "[T]he interest on the *judgment"* (emphasis added) on and after June 1, 1980, shall be "at the rate of 12% per year compounded annually." It does not read "The interest on the judgment and accumulated interest shall be . . . ."

The difference between simple and compound interest is that simple interest does not merge with the principal and become part of the base on which future interest is calculated. Here the accumulated interest was not part of the principal, *i.e.,* the original judgment. Only interest accruing after June 1, 1980, merges with the judgment and becomes part of the base for calculating future interest. The Legislature's intention was that there was to be no change in the manner in which interest accruing before June 1, 1980, was to be treated.

*Denham, supra,* does not compel a different

result. The cardinal rule of statutory construction is to give effect to the intent of the Legislature. *City of Lansing v Lansing Twp,* 356 Mich 641, 648; 97 NW2d 804 (1959).

For the reasons stated, we affirm in part and reverse in part the Court of Appeals decision in *Gage,* and reinstate the April 14, 1982 order of the Wayne Circuit Court. In *Burnett,* we affirm the December 12, 1983 order of the Oakland Circuit Court.

WILLIAMS, C.J., and LEVIN, RYAN, CAVANAGH, BOYLE, and RILEY, JJ., concurred with BRICKLEY, J.