**Karen Svea JOHNSON and Robert Cooke, Jr., wife and husband, Plaintiffs–Appellees,**

v.

**CONTINENTAL AIRLINES CORPORATION, a Delaware Corporation, Defendant–Appellant.**

**Nos. 89–1283 & 89–1296.**

United States Court of Appeals, Tenth Circuit.

May 21, 1992.

Robert M. Tyler, Jr. (Brenda G. Meier with him, on the brief) of Elam, Burke and Boyd, Boise, Idaho, for plaintiffs-appellees.

Frederick C. Schafrick (Richard M. Sharp, and Alok Ahuja of Shea & Gardner, Washington, D.C., Hall & Evans, and Tilly & Graves, P.C., Denver, Colo., with him on the briefs), Shea & Gardner, Washington, D.C., for defendant-appellant.

Before ANDERSON and BRORBY, Circuit Judges, and COOK,* Senior District Judge.

BRORBY, Circuit Judge.

This case presents a single issue for consideration on appeal: Which state governs the availability of prejudgment interest in a diversity case where, by consent, Colorado law governs liability and Idaho law governs compensatory damages? This is an issue of first impression, entitled to de novo review. *Mitchell v. State Farm Fire & Casualty Co.*, 902 F.2d 790, 792 (10th Cir. 1990); *Needham v. Phillips Petroleum Co. of Norway*, 719 F.2d 1481, 1483 (10th Cir. 1983). Unlike the district court, we conclude that when making choice of law determinations, prejudgment interest must be considered an inseparable element of compensatory damages. Accordingly, we reverse and remand the present case with instructions to enter judgment consistent with this opinion.

I. Background

This case represents an "exemplar" trial on the common issues of liability for compensatory and punitive damages in multidistrict litigation arising from an airplane crash. Due to the complex nature of this litigation, we outline the factual and procedural history only to the extent necessary to address the relevant issue.

*Preliminary Proceedings*

On November 15, 1987, Continental Flight No. 1713, bound for Boise, Idaho, crashed during takeoff from Stapleton International Airport in Denver, Colorado. Twenty-eight persons were killed, and up to fifty-four others were injured in the accident. *In re Air Crash Disaster at Stapleton Int'l Airport*, 720 F.Supp. 1433, 1434 (D.Colo.1988). Karen Svea Johnson, Plaintiff in this exemplar case, was among

* The Honorable H. Dale Cook, Senior United States District Judge for the Northern District of Oklahoma, sitting by designation.

those injured. She was domiciled in Idaho at the time of the accident, as were many of Flight 1713's passengers. On February 24, 1988, Ms. Johnson and her husband, Robert Cooke, Jr., filed an action for her injuries and his loss of consortium in the United States District Court for the District of Idaho against Continental Airlines, Inc. and its parent, Texas Air Corporation.[1] Subsequently, the Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. § 1407, ordered that all federal cases arising from the accident, including Ms. Johnson's, be consolidated in the District of Colorado for pretrial proceedings. *In re Air Crash Disaster at Stapleton Int'l Airport*, 683 F.Supp. 266, 267–68 (J.P.M.L. 1988). The Panel designated Chief Judge Sherman G. Finesilver as presiding judge. *Id.* at 268.

On November 29, 1988, Judge Finesilver transferred all pending cases to the District of Colorado pursuant to 28 U.S.C. § 1404(a). *In re Air Crash Disaster at Stapleton Int'l Airport*, 720 F.Supp. 1455, 1458 (D.Colo.1988). The common liability and punitive damages issues were bifurcated and consolidated for trial. Judge Finesilver ordered that the common issues would be tried in conjunction with the claims of an individual "exemplar" plaintiff. *Id.* at 1458–59. The Plaintiffs' Steering Committee selected Ms. Johnson's case as their lead case. Defendants similarly chose a lead case for the exemplar proceeding, however, that case was settled prior to trial.

In preparation for trial, the parties and the district court reached certain agreements as to the governing law. For example, "[t]he parties ... agreed that issues of liability for negligence would be resolved

under Colorado law. Also by agreement, *issues of compensatory damages would be resolved under the law of a plaintiffs' [sic] domicile."* *In re Air Crash Disaster at Stapleton Int'l Airport*, 720 F.Supp. 1467, 1472 (D.Colo.1989) (emphasis added). The parties were unable, however, to agree as to what law should govern Plaintiffs' punitive damages and deceptive advertising claims. After briefing, the district court ruled the law of Texas, the location of Continental's headquarters, would govern punitive damages awards and deceptive advertising liability. *Id.; In re Air Crash Disaster at Stapleton Int'l Airport*, 720 F.Supp. 1445, 1454 (D.Colo.1988); *In re Air Crash Disaster at Stapleton Int'l Airport*, 721 F.Supp. 1185, 1188 (D.Colo.1988).

*Post–Trial Rulings on Prejudgment Interest*

When the district court initially entered judgment on the verdict,[2] Plaintiffs Johnson and Cooke were awarded "prejudgment interest at the rate established by applicable *Idaho law.*" (Emphasis added). Plaintiffs moved, *inter alia*, to amend the judgment to reflect that Idaho Code § 28–22–104 prescribes a twelve percent interest rate. In response, Defendant urged the court to disallow prejudgment interest as Idaho law does not permit recovery for prejudgment interest on unliquidated tort claims. The district court requested further briefing on the issue of what law should govern prejudgment interest and deferred entry of an amended judgment pending such briefing. *In re Air Crash Disaster at Stapleton Int'l Airport*, 720 F.Supp. at 1488.

Given the opportunity to specifically brief the choice of law on prejudgment interest, Plaintiffs advocated the applica-

**1.** The district court granted a directed verdict in favor of Texas Air Corporation at the conclusion of Plaintiffs' case. Hence, Texas Air Corporation is no longer a party.

**2.** On January 31, 1989, the jury found: (1) Ms. Johnson incurred damages in the amount of $779,000; (2) Mr. Cooke incurred damages in the amount of $21,700 for loss of consortium; (3) Continental acted willfully or recklessly un-

der Idaho law, thus "precluding the court from applying the limitation on non-economic damages established under Idaho law"; (4) Continental was not grossly negligent, should not be assessed punitive damages, and did not act with malice; and (5) Continental engaged in deceptive trade practices, but those practices were not a cause of Ms. Johnson's injuries. *In re Air Crash Disaster at Stapleton Int'l Airport*, 720 F.Supp. at 1474.

tion of Colorado law.[3] The district court ultimately adopted Plaintiffs' position and amended its judgment, ruling that "Plaintiffs [Johnson and Cooke] are entitled to ... prejudgment interest at the rate established by applicable *Colorado law*" and that "plaintiffs in this multidistrict litigation shall receive prejudgment interest on claims for common law tort at a rate established by applicable *Colorado law.*" *In re Air Crash Disaster at Stapleton Int'l Airport,* 720 F.Supp. 1505, 1532 (D.Colo.1989) (emphasis added). This appeal followed the district court's denial of Defendant's motion to reconsider.

## II. Analysis

Defendant asserts that because Idaho law sets the measure of compensatory damages, Idaho law should also govern prejudgment interest as an element of compensatory damages. Plaintiffs, on the other hand, assert "prejudgment interest is an issue with its own set of underlying policies," requiring an independent choice of law analysis.[4]

■ At the outset, we agree with Defendant that prejudgment interest is an element of compensatory damages. Courts have long characterized prejudgment interest as " 'an element of [plaintiff's] complete compensation.' " *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 175, 109 S.Ct. 987, 991, 103 L.Ed.2d 146 (1989) (quoting *West Virginia v. United States,* 479 U.S. 305, 310 & n. 2, 107 S.Ct. 702, 706 & n. 2, 93 L.Ed.2d 639 (1987)). "Prejudgment interest is normally designed to make the plaintiff whole and is part of the actual damages sought to be recovered." *Monessen S.W. Ry. Co. v. Morgan,* 486 U.S. 330, 335, 108 S.Ct. 1837, 1842, 100 L.Ed.2d 349

(1988). *See also Library of Congress v. Shaw,* 478 U.S. 310, 321, 106 S.Ct. 2957, 2965, 92 L.Ed.2d 250 (1986) (adopting the view that "[p]rejudgment interest ... is considered as damages, not a component of 'costs' "); *General Motors Corp. v. Devex Corp.,* 461 U.S. 648, 655–56 n. 10, 103 S.Ct. 2058, 2062 n. 10, 76 L.Ed.2d 211 (1983) ("prejudgment interest represents 'delay damages' and [is] awarded as a component of full compensation"); *McNickle v. Bankers Life & Casualty Co.,* 888 F.2d 678, 682 (10th Cir.1989) ("[t]he award of prejudgment interest ... serves to remedy the injury giving rise to the underlying action"); *U.S. Industries, Inc. v. Touche Rosse & Co.,* 854 F.2d 1223, 1256 & n. 47 (10th Cir.1988) ("the rationale underlying an award of prejudgment interest is to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of judgment"); *Casto v. Arkansas–Louisiana Gas Co.,* 562 F.2d 622, 625 (10th Cir. 1977) (personal injury damages are "compensatory and the [prejudgment] interest is of the same character"); *Stemple v. Phillips Petroleum Co.,* 430 F.2d 178, 184–85 (10th Cir.1970) (denial of prejudgment interest award was based, in part, on appellant's argument that "prejudgment interest is an integral element of the measure of damages in a personal injury action"); *Voight v. Colorado Mountain Club,* 819 P.2d 1088, 1092 (Colo.App.1991) ("[p]rejudgment interest is considered an additional item of compensatory damages and is, thus, not interest in the strictest sense"); *Leliefeld v. Panorama Contractors, Inc.,* 111 Idaho 897, 728 P.2d 1306, 1317 (1986) (quoting C. McCormick, *Handbook on the Law of Damages* § 50, at 205 (1935)) (pre-

---

**3.** Colorado statutorily provides for prejudgment interest in personal injury cases. Colo.Rev.Stat. § 13–21–101 (1987 Repl.Vol.). Idaho courts, on the other hand, have repeatedly refused to allow prejudgment interest when the principal amount of liability was unliquidated. *Stoor's Inc. v. Idaho Dep't of Parks & Recreation,* 119 Idaho 83, 803 P.2d 989, 992 (1990). In their Brief on Choice of Law on Prejudgment Interest, Plaintiffs conceded "if extant Idaho law governing prejudgment interest is applied, then plaintiffs will not receive such interest."

**4.** Plaintiffs refer specifically to the principle of "decepage" (sic). Depecage is the widely approved process whereby the rules of different states are applied on the basis of the precise issue involved. *See* Willis L.M. Reese, *Depecage: A Common Phenomenon In Choice of Law,* 73 Colum.L.Rev. 58 (1973); Black's Law Dictionary 393 (6th ed. 1990); *In re Air Crash Disaster Near Chicago, Ill.,* 644 F.2d 594, 611 (7th Cir.), *cert. denied,* 454 U.S. 878, 102 S.Ct. 358, 70 L.Ed.2d 187 (1981).

judgment interest is " 'allowed ... as additional damages' "). *Cf. Fleming v. Baptist General Convention*, 742 P.2d 1087, 1096 (Okla.1987); *Schwartz v. Piper Aircraft Corp.*, 90 Mich.App. 324, 282 N.W.2d 306, 308 & n. 2 (1979), superseded by statute, *Gage v. Ford Motor Co.*, 133 Mich.App. 366, 350 N.W.2d 257 (1984) (prejudgment interest that is a percentage of a judgment is purely statutory and not an element of compensatory damages awarded by a jury).

■■■ Having thus concluded prejudgment interest is an integral element of compensatory damages, we must now decide whether prejudgment interest may be severed from the other elements of compensatory damages when making choice of law determinations. We look first to the Restatement (Second) of Conflict of Laws (1971) for guidance.[5] Section 171, comment c of the Restatement[6] unmistakably classifies prejudgment interest as an element of damages for purposes of applying the damage law of a given state to a conflict of law situation.[7] Logically, the same law should govern all issues related to the purpose of compensating a plaintiff for the injury suffered. We acknowledge the Restatement incorporates a selective, issue-by-issue approach to determining choice of law. *See* The Restatement (Second) of Conflict of Laws § 145, comment d (1971). However, nothing in the Restatement suggests that discrete, common-purpose issues should be fragmented. To the contrary, we find it significant that the Restatement expressly couples prejudgment interest with the broader damages issue.

Going beyond the Restatement, we find precedent from the Second Circuit persuasive. In *Vasina v. Grumman Corp.*, 644 F.2d 112 (2d Cir.1981), a widow whose husband died in the crash of a Navy airplane recovered wrongful death damages under New York law. Defendant stated at trial it was " 'happy' with the application of New York law rather than Oregon law 'as to the measure of damages.' " *Id.* at 118 n. 5. However, on an appeal from an award of prejudgment interest, defendant contended the district court should have applied Oregon law, which does not allow prejudgment interest, rather than New York law, which does. *Id.* at 118. The Second Circuit summarily rejected defendant's argument stating "Grumman seems to want to pick and choose between the laws of Oregon and New York to suit its own advantage. We reject this 'smorgasbord' approach." *Id.* at 119.

---

**5.** The Restatement's approach is relevant because the Colorado district court must apply the choice-of-law rules of the states where the actions were originally filed. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97, 61 S.Ct. 1020, 1022, 85 L.Ed. 1477 (1941); *Van Dusen v. Barrack*, 376 U.S. 612, 639, 84 S.Ct. 805, 821, 11 L.Ed.2d 945 (1964); *In re Air Crash Disaster Near Chicago, Ill.*, 644 F.2d at 610. This case was originally filed in Idaho. Idaho undisputedly applies the choice of law rules espoused in the Restatement (Second) of Conflict of Laws. *Estates of Braun v. Cactus Pete's, Inc.*, 108 Idaho 798, 702 P.2d 836, 838 (1985); *Johnson v. Pischke*, 108 Idaho 397, 700 P.2d 19, 21–22 (1985).

**6.** Section 171 entitled "Damages" provides that "[t]he law selected by application of the rule of § 145 determines the measure of damages." Restatement (Second) of Conflict of Laws § 171 (1971) (§ 145 applies the most significant relationship test to issues in tort). Comment c reads as follows:

> *Interest.* The law selected by application of the rule of § 145 determines whether the plaintiff can recover interest and, if so, at

what rate for a period prior to the rendition of judgment as part of the damages for a tort. We need not apply these rules because the parties agreed before trial that Idaho law would govern compensatory damages issues.

**7.** The district court rejected the Restatement's characterization of prejudgment interest as an element of compensatory damages in favor of what it perceived to be "the majority rule requir[ing] application of the law of the place of the tort to control plaintiff's right to prejudgment interest." *In re Air Crash Disaster at Stapleton Int'l Airport*, 720 F.Supp. at 1530. Notably, however, none of the cases cited by the district court in support of the "majority rule" represent the present situation. Here, the law of one state governs liability and the law of another state governs compensatory damages. In the cases cited by the district court the law of a single state provided all of the substantive law governing the case. Therefore, those cases stand for the proposition that the state that supplies the substantive law, rather than the forum state, should supply the law of prejudgment interest and are inapposite to the present analysis.

Likewise, we reject Plaintiffs' attempt to pick and choose prejudgment interest law in the present case. Plaintiffs agreed Idaho law would govern compensatory damages issues. Nonetheless, given the post-trial opportunity to specifically address prejudgment interest, Plaintiffs advocated the application of Colorado law. Their motivation is apparent: Colorado law supports a prejudgment interest award, while Idaho law does not.

Awarding prejudgment interest under Colorado law allows Plaintiffs to recover amounts greater than that possible if either Idaho law or Colorado law applied *in toto* to their damages claims. Colorado generally limits non-economic damages to $250,000, and imposes an absolute $500,000 limit on non-economic damages awards. Colo. Rev.Stat. § 13–21–102.5(3)(a) (1987 Repl. Vol.). In contrast, Idaho law places a higher threshold limit on non-economic damages ($400,000) and imposes no limit if defendant's conduct was willful or reckless. Idaho Code § 6–1603 (1991). Based on Idaho law, the jury found Continental had engaged in willful or reckless misconduct and awarded Ms. Johnson total damages of $779,000, of which $575,000 were non-economic damages. Therefore, Ms. Johnson received $75,000 more in damages by application of Idaho law than she could have possibly received under Colorado law.[8] An award of prejudgment interest would increase this disparity as well as clash with Idaho's policy of denying prejudgment interest where damages are unliquidated. We fail to see how the policies of either Idaho or Colorado would be served when neither state would countenance the total award granted to Ms. Johnson under this pick and choose method. A prejudgment interest award under these circumstances would be the result of making rather than choosing the law.

■ After careful consideration, we are unable to justify separating prejudgment interest from the remaining elements of compensatory damages. We therefore hold prejudgment interest, as an integral element of compensatory damages in a personal injury case, is not subject to an independent choice of law analysis. In other words, a party who seeks the benefit of one aspect of a state's compensatory damages law must accept the entire package. We stress, however, that we do not reject the principle of depecage. We simply find its application inappropriate in this case. Depecage has been said to be appropriate when its application "(a) would result in the application to each issue of the rule of the state with the greatest concern in the determination of that issue, (b) would serve to effectuate the purpose of each of the rules applied, and (c) would not disappoint the expectations of the parties." Reese, supra note 2, at 60. Today we hold depecage is inappropriate when used to fragment issues related to a common purpose or to legitimatize a smorgasbord approach which inures only to the benefit of the party picking and choosing.

### III. Conclusion

In the context of a diversity case, when the court applies the law of one state to govern liability and the law of another state to govern compensatory damages, the law governing compensatory damages also governs prejudgment interest. Here, by agreement, the law of a plaintiff's domicile governs compensatory damages issues. Therefore, the law of each plaintiff's domicile also governs the availability of prejudgment interest. Accordingly, we REVERSE and REMAND with instructions that the district court vacate Orders MDL 751–40 and MDL 751–45 insofar as they provide prejudgment interest to Ms. Johnson, Mr. Cooke and plaintiffs in all other related multidistrict cases at a rate established by applicable Colorado law. An amended judgment should be entered consistent with this opinion.

---

**8.** This benefit extended to all Idaho-domiciled plaintiffs. *In re Air Crash Disaster at Stapleton Int'l Airport,* 720 F.Supp. at 1519 ("plaintiffs residing in Idaho at the time of the crash may receive full compensatory damage awards and are not subject to the $400,000 limitation on non-economic damages imposed under Idaho Code § 6–1603").