SOUTHFIELD WESTERN, INC v CITY OF SOUTHFIELD

Docket No. 144439. Submitted April 13, 1994, at Detroit. Decided
August 1, 1994, at 9:00 A.M. Leave to appeal sought.

Southfield Western, Inc., petitioned the Michigan Tax Tribunal to
review the 1981 assessment of property it owned in the City of
Southfield, the County of Oakland, and the Oak Park School
District. In 1988, the Tax Tribunal lowered the assessment. The
school district appealed the decision, and the Court of Appeals,
GRIBBS, P.J., and WEAVER and T. E. BRENNAN, JJ., affirmed.
Unpublished opinion per curiam of the Court of Appeals,
decided February 23, 1990 (Docket No. 111742). The Supreme
Court denied leave to appeal. 437 Mich 915 (1991). The respon-
dents then paid the petitioner the tax refund ordered by the
judgment entered by the Tax Tribunal, including simple inter-
est from the date the petitioner paid the tax to the date the
respondents paid the refund. The petitioner moved in the Tax
Tribunal for a determination of the interest due on the tax
refund, arguing that MCL 205.737(4); MSA 7.650(37)(4) required
that interest be calculated from the date of payment of the tax
to the date the judgment is entered, that the amount so
calculated be added to the judgment, and that interest then be
paid on that combined amount from the date of the entry of
the judgment to the date of the satisfaction of the judgment.
The Tax Tribunal determined that the interest payment should
be calculated as simple interest for the entire period from the
date of the payment of the tax to the date of the satisfaction of
the judgment. The petitioner appealed.

The Court of Appeals *held:*

The language of MCL 205.737(4); MSA 7.650(37)(4) evidences
a clear legislative intent that prejudgment interest, i.e., interest
for the period from the date of payment of the tax to the date
of entry of the judgment by the Tax Tribunal, must be included
in the judgment and that interest for the period from the date
of entry of the judgment to the date of satisfaction of the

REFERENCES

Am Jur 2d, State and Local Taxation § 1069.
See ALR Index under Interest on Money; Prejudgment Interest;
Taxpayers' Actions.

judgment be calculated using the entire amount of the judgment, including the prejudgment interest. Accordingly, the Tax Tribunal's determination with respect to the amount of interest payable to the petitioner was erroneous.

Reversed and remanded.

TAXATION — TAX TRIBUNAL — JUDGMENTS — INTEREST.

Interest on a refund of taxes paid as a result of a reduction by the Tax Tribunal of an assessment is calculated by computing the interest for the period from the date the tax was paid to the date of entry of the judgment of the Tax Tribunal, adding that amount to the amount of the judgment, and, then, computing the interest on the entire judgment, including the prejudgment interest, for the period from the date of entry of the judgment to the date of the satisfaction of the judgment (MCL 205.737[4]; MSA 7.650[37][4]).

*Honigman Miller Schwartz & Cohn* (by *Thomas J. Beale* and *Samina R. Hurst*), for the plaintiff.

*Shifman & Carlson, P.C.* (by *John A. Carlson*), for the defendant.

Before: SAWYER, P.J., and T. G. KAVANAGH* and L. L. HEATHSCOTT,** JJ.

SAWYER, P.J. Petitioner appeals from an order of the Tax Tribunal denying petitioner's motion for determination of interest on a tax refund. We reverse.

Petitioner owns property located within respondents' jurisdictions that is subject to the ad valorem property tax. Petitioner had challenged the 1981 assessment of the subject property and, in 1988, prevailed in the Tax Tribunal. The 1981 assessment was lowered from $6,794,200 to $4,620,-450. Respondent school district appealed that decision, and this Court affirmed. Unpublished opinion

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.
** Circuit judge, sitting on the Court of Appeals by assignment.

per curiam, decided February 23, 1990 (Docket No. 111742). Thereafter, the Supreme Court denied leave. 437 Mich 915 (1991). Respondents did not pay the tax refund due petitioner until after the final action in the Supreme Court. They then tendered the unlawfully charged property tax, but paid only simple interest from the date petitioner paid the tax until the date respondents paid the refund. Petitioner moved in the Tax Tribunal for a determination of the interest due on the refund, arguing that interest should have been calculated on the amount of the unlawfully charged tax from the date of the payment of the tax to the date of judgment in the Tax Tribunal (at simple interest), and then interest calculated on the entire amount of the judgment (including the prejudgment interest) from the date of judgment to the date of payment (again, at simple interest). Under petitioner's calculation of interest, the interest that is due would increase by approximately $24,000.

The sole question presented on appeal is what method of calculation of interest should be employed, and that question appears to be one of first impression. For the reasons expressed below, we agree with petitioner's interpretation of the statute.

MCL 205.737(4); MSA 7.650(37)(4) provides in pertinent part as follows:

> . . . A sum determined by the tribunal to have been unlawfully paid shall bear interest from the date of payment to the date of judgment and the judgment shall bear interest to date of its payment.

Petitioner's argument is one solely of statutory interpretation. Petitioner argues that the statute, by explicitly referring to two different interest

calculation periods, prejudgment and postjudgment, reflects an intent that prejudgment interest is to be included in the judgment and that the judgment will bear interest on the entire amount, including the prejudgment interest. Respondent school district[1] argues that interest must be calculated as purely simple interest unless there is statutory authorization for awarding compound interest.

Respondent is certainly correct that the general rule is that interest shall be simple interest unless there is specific authorization for compound interest. *Norman v Norman,* 201 Mich App 182, 184; 506 NW2d 254 (1993). That, however, does not resolve the question before us, because the question posited by petitioner is whether the above statute, in fact, does authorize the "compounding" of interest by including prejudgment interest in the sum upon which postjudgment interest is calculated.[2]

Respondent also relies upon the Supreme Court's decision in *Gage v Ford Motor Co,* 423 Mich 250; 377 NW2d 709 (1985). However, respondent's reliance on *Gage* is misplaced. *Gage* did not involve the interpretation of the statute at issue here, but rather involved the general judgment interest statute, MCL 600.6013; MSA 27A.6013. Moreover, the corresponding language in that statute interpreted by the *Gage* Court contains a significant difference from the language of the statute in the case at bar. Specifically, the statute interpreted by *Gage* provided that interest was to be calculated from the date of the filing of the complaint to the date of satisfaction of the judgment. *Gage, supra* at 253. There was no similar

---

[1] The remaining respondents have not filed briefs on appeal.

[2] We note that it is not truly accurate to refer to petitioner's method of calculating interest as providing for compound interest. We refer to it as such solely for ease of distinction between the two proposed methods of calculating interest.

temporal demarcation as that contained in the statute at issue here, which specifically directs that interest is to be calculated from the date of the payment of the unlawful tax until the date of judgment and then interest is also to be calculated from the date of judgment to the date of satisfaction. Finally, the *Gage* decision did not directly involve an issue of compound interest versus simple interest, but rather the application of an amendment of the general interest statute that provided for the compounding of interest and how that statute was to be applied to judgments rendered before the effective date of the amendment. At best, *Gage* stands for the proposition that interest shall be calculated as simple interest unless it is provided explicitly otherwise.

Accordingly, we must turn to the general principles of statutory construction in order to resolve the interpretation question now before us. The cardinal rule of statutory construction is to give effect to the Legislature's intent. *Gage, supra* at 260. Similarly, we must give meaning to all words in a statute, because we will not presume that the Legislature intended to do a useless thing. *Girard v Wagenmaker,* 437 Mich 231, 244; 470 NW2d 372 (1991).

This then raises the question why the Legislature in drafting MCL 205.737(4); MSA 7.650(37)(4) specifically would segregate the calculation of interest to two time periods, namely, interest before judgment and interest after judgment. Had the Legislature intended to provide for purely simple interest calculated from the date of the payment of the unlawful tax to the date of satisfaction of judgment, then it simply could have said so. That is, the Legislature could have employed language similar to that used in the Revised Judicature Act concerning interest on money judgments, MCL

600.6013; MSA 27A.6013, and merely said that interest shall be calculated from the date of the payment of the tax until the date of the payment of the refund, or words to that effect. Instead, the Legislature chose to employ additional words and to segregate the two different interest periods.

We must, consistent with the rules of statutory construction, interpret the statute so as to give meaning to those additional words and to give effect to the legislative intent. The only intent we can derive from the language employed by the Legislature is that it intended that prejudgment interest, that is to say interest from the date of the payment of the tax until the date of the Tax Tribunal's judgment, must be included in the judgment itself. Interest is then to be calculated from the date of judgment to the date of satisfaction on the basis of the entire amount of the judgment, including the prejudgment interest. This interpretation will give meaning to the demarcation created in the statute between prejudgment and post-judgment interest and, therefore, will give effect to the Legislature's intent. Furthermore, this principle is consistent with the principle that the general judgment interest statute, MCL 600.6013; MSA 27A.6013, is remedial in nature and is to be construed liberally in favor of a plaintiff. *McKelvie v Auto Club Ins Ass'n*, 203 Mich App 331, 339; 512 NW2d 74 (1994).

For the above reasons, we conclude that the Tax Tribunal erred in its interpretation of the interest provisions of the statute. On remand, the Tax Tribunal shall calculate the amount of additional interest owed by respondents in a manner consistent with this opinion.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Petitioner may tax costs.