THRIFTY ROYAL OAK, INC v CITY OF ROYAL OAK

Docket Nos. 154019, 154065, 154960. Submitted August 11, 1994, at Detroit. Decided February 21, 1995, at 9:50 A.M.

Thrifty Royal Oak, Inc., and Meijer, Inc., each filed in the Tax Tribunal a petition challenging property tax assessments by the City of Royal Oak for the years 1981 through 1991. The tribunal reduced the assessments for the years 1981 through 1988 and ordered a refund of excess taxes paid and accrued interest. The parties thereafter agreed to reduce the assessments for the years 1989 through 1991, and the tribunal entered a consent judgment ordering a refund for those years. In each of the years at issue, the petitioners, as allowed by the Royal Oak city charter, had paid one-half of their summer taxes on July 31 and the other half on October 31. In calculating the petitioners' refunds, the city computed interest on the excess taxes from October 31 of each year in question until the date the refunds were paid. The petitioners challenged the city's interest calculation in the tribunal, which determined that prejudgment interest correctly was calculated from October 31 of each year, but that postjudgment interest was calculated incorrectly because accrued prejudgment interest was excluded from the calculation of postjudgment interest. Each petitioner appealed concerning prejudgment interest, and the city and the Royal Oak Public Schools appealed concerning postjudgment interest. The appeals were consolidated.

The Court of Appeals held:

1. MCL 205.737(4); MSA 7.650(37)(4) provides that a sum determined by the Tax Tribunal to have been paid unlawfully shall bear interest from the date of the payment to the date of the judgment and the judgment shall bear interest to the date of its payment. Where, as here, taxes can be paid in installments, an installment that exceeds what lawfully can be collected in that installment includes an unlawful portion that, when refunded, must include prejudgment interest pursuant to § 37(4). The tribunal erred in determining that the petitioners

REFERENCES

Am Jur 2d, State and Local Taxation §§ 845, 1068, 1069.
See ALR Index under Interest on Money; Taxes.

were not entitled to prejudgment interest on installments paid on July 31 of the years at issue.

2. Prejudgment interest is part of the judgment for purposes of computing postjudgment interest under § 37(4). The tribunal correctly determined that the city erred in excluding prejudgment interest from the calculation of postjudgment interest.

Affirmed in part, reversed in part, and remanded for recalculation of prejudgment interest.

1. Taxation — Real Property Taxes — Installments — Unlawful Tax Payments.

Where a municipality grants taxpayers the right to pay taxes in installments, any sum collected in a single installment that exceeds the amount required by local ordinance is an unlawful tax payment (MCL 205.737[4]; MSA 7.650[37][4]).

2. Taxation — Real Property Taxes — Tax Tribunal — Refunds — Interest.

Where a municipality allows a taxpayer to pay a real property tax assessment in two equal installments and the Tax Tribunal subsequently reduces the assessment and orders a refund of excess taxes, prejudgment interest is to be computed from the date of each installment on half of the total excess, rather than being computed from the date of the second installment on the entire excess (MCL 205.737[4]; MSA 7.650[37][4]).

3. Taxation — Tax Tribunal — Judgments — Interest.

Interest on a refund of taxes paid as a result of a reduction by the Tax Tribunal of an assessment is calculated by computing the interest for the period from the date the tax was paid to the date of the entry of the judgment of the Tax Tribunal, adding that amount to the amount of the judgment, and then computing the interest on the entire judgment, including the prejudgment interest, for the period from the date of the entry of the judgment to the date of the satisfaction of the judgment (MCL 205.737[4]; MSA 7.650[37][4]).

*Honigman Miller Schwartz & Cohn* (by *Michael B. Shapiro* and *Samina Hurst*), for Thrifty Royal Oak, Inc., and Meijer, Inc.

*Shifman & Carlson, P.C.* (by *Burton R. Shifman* and *John A. Carlson*), and *Lawrence Doyle,* City Attorney, for City of Royal Oak.

*Shifman & Carlson, P.C.* (by *Burton R. Shifman* and *John A. Carlson*), for Royal Oak Public Schools.

Before: CORRIGAN, P.J., and WAHLS and P. J. MACERONI,* JJ.

CORRIGAN, P.J. In these consolidated tax appeals, petitioners Thrifty Royal Oak, Inc., and Meijer, Inc., appeal as of right orders of the Tax Tribunal denying their motions to determine prejudgment interest on their tax refunds in MTT Docket Nos. 56028 and 127667. Respondents City of Royal Oak and Royal Oak Public Schools also appeal as of right the tribunal's order granting petitioners' motion to determine postjudgment interest in Docket No. 56028.

We reverse in part and affirm in part. We hold that the Tax Tribunal erred in construing MCL 205.737(4); MSA 7.650(37)(4) with regard to the meaning of "unlawful" taxes, but correctly ruled that prejudgment interest is part of a judgment under § 37(4).

### I. UNDERLYING FACTS AND PROCEDURAL HISTORY

Petitioners own property in Royal Oak, Michigan. Respondent City of Royal Oak assessed and levied taxes on petitioners' property. In separate petitions filed in 1981 and 1989, petitioners challenged the city's assessment for the years 1981 through 1991. In May 1991, the Tax Tribunal reduced petitioners' assessment for the tax years 1981 through 1988 and ordered a refund of excess taxes paid and accrued interest.[1] The parties thereafter agreed to reduce the assessment for the years 1989, 1990, and 1991. In March 1992, the tribunal entered a consent judgment ordering a tax refund for those years. Pursuant to the Tax Tribunal's judgments in both cases, the city corrected the tax rolls and refunded the overpaid taxes.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The parties appealed the judgment. Pursuant to a stipulation and order, the appeals were dismissed with prejudice.

In calculating the amount of petitioners' refunds, the city computed simple interest on the excess taxes from October 31 of each year in question until the date the city paid the refunds.[2] Petitioners disputed the city's method of calculating interest and filed motions in the Tax Tribunal seeking a determination of interest on their tax refunds pursuant to the May 1991 and March 1992 orders.

In both Docket Nos. 56028 and 127667, petitioners objected to the city's calculation of interest on the ground that the city did not compute prejudgment interest from the date of payment. Pursuant to the Charter of the City of Royal Oak, ch 11, § 6, taxpayers may pay summer property taxes in two installments. Generally, summer property taxes are due on July 1 and may be paid without penalty or interest until July 31. However, taxpayers have the right to pay one-half of their taxes on or before July 31 and the remainder on October 31 without incurring penalty or interest. For each of the years at issue, petitioners took advantage of this policy and paid one-half of their tax liability on July 31 and the remainder on October 31. As a result, petitioners contended, interest should have accrued on the July excess payments for each tax year. Petitioners also asserted that the city erred in computing postjudgment interest on the tax refund pursuant to the May 1991 order. The city computed postjudgment interest on the excess taxes, excluding accrued prejudgment interest.

The Tax Tribunal denied petitioners' motions in both cases with regard to the issue of prejudgment

---

[2] The one exception to this practice occurred in tax year 1981. In that year, because petitioners' July tax installment exceeded their *total* summer tax liability by $872, the city calculated interest on the $872 from July 31, 1981. The city calculated the remaining excess payment made on October 31, 1981, from that date until the date of refund. See n 7, *infra*.

interest[3] because it concluded that none of the July installments were unlawfully paid taxes. The tribunal granted petitioners' motion on the issue of postjudgment interest[4] because it determined that judgments under § 37(4) include prejudgment interest as well as excess tax payments. Petitioners appealed the orders pertaining to prejudgment interest in both cases and respondents appealed the order granting petitioners' motion concerning postjudgment interest. The three appeals have been consolidated for review.

This Court reviews a decision of the Tax Tribunal to determine whether the tribunal erred in applying the law or adopted a wrong principle.[5] *Michigan Bell Telephone Co v Dep't of Treasury*, 445 Mich 470, 476; 518 NW2d 808 (1994). We generally defer to the Tax Tribunal's interpretation of a statute that it is delegated to administer. *Xerox Corp v Oakland Co*, 191 Mich App 433, 442; 478 NW2d 702 (1991). The issues presented in this appeal turn solely on the Tax Tribunal's interpretation of MCL 205.737(4); MSA 7.650(37)(4), which provides in part:

> A sum determined by the tribunal to have been unlawfully paid shall bear interest from the date of payment to the date of judgment and the judgment shall bear interest to date of its payment.

In reviewing the tribunal's interpretation of this section, we adhere to the general rule that

---

[3] Prejudgment interest is the interest that accrues from the date an unlawful tax payment is made until the date of judgment.

[4] Postjudgment interest is the interest that accrues on a judgment until the tax refund is paid.

[5] Generally, this Court also reviews the tribunal's findings of fact for support by competent, material, and substantial evidence on the whole record. *Michigan Bell Telephone Co v Dep't of Treasury*, 445 Mich 470, 476; 518 NW2d 808 (1994). However, the facts of this case were not in dispute.

ambiguities in the language of a tax statute must be resolved in favor of the taxpayer. *Michigan Bell, supra* at 477.

## II. PREJUDGMENT INTEREST

Petitioners claim that the Tax Tribunal erred in determining the date prejudgment interest on petitioners' tax refunds began to accrue. We agree. The city computed interest on the tax refunds from October 31 of each year at issue.[6] Petitioners objected to the city's method of calculating interest, claiming that interest also accrued, at least in part, on the July installments. However, the tribunal found that the July installments did not constitute "unlawfully paid" taxes within the meaning of § 37(4). The tribunal limited the definition of an unlawfully paid sum to those amounts paid in excess of the taxpayers' total tax liability. Because the petitioners' July installments had not exceeded their total tax liability in any year except 1981, the tribunal denied petitioners' motion for the years 1982 through 1991. The Tax Tribunal erred as a matter of law in its interpretation of MCL 205.737(4); MSA 7.650(37)(4). Moreover, the Tax Tribunal's decision deviates from established Michigan Tax Tribunal precedent.

In *Copco Steel & Engineering v Detroit,* unpublished opinion per curiam of the Court of Appeals, decided April 1, 1988 (Docket No. 90418), a factually identical case, this Court affirmed the decision of the Tax Tribunal. In *Copco,* the tribunal had ruled that where a city grants taxpayers the right to pay taxes in installments, any sum collected in a single installment that exceeds the amount required by local ordinance is an unlawful tax payment under § 37(4). *Copco Steel & Engineering v Detroit,* 4 MTTR 75 (Docket No. 57151, October 29,

---

[6] See n 2, *supra.*

1985). As such, a taxpayer may pay an unlawful sum, even though it has not fully discharged its tax liability. We adopt the Tax Tribunal's interpretation of § 37(4) in *Copco.* The unlawful nature of a tax payment may be determined by comparing the required payment for each installment with the actual payment. Where the actual payment exceeds the required payment, the taxpayer has paid an unlawful sum and is entitled to interest on that sum under § 37(4).

In this case, petitioners paid excess taxes with each July installment for the years in question. As noted, the Royal Oak city charter grants taxpayers the right to pay their summer taxes in two installments, half in July and half in October. After paying taxes in this manner from 1981 through 1991, petitioners successfully challenged their assessment and received a reduction, resulting in lower taxes. In light of the corrected assessment, petitioners' original installments, both in July and October, exceeded one-half of its total lawful tax burden.[7] If the assessment had been correct during the years in question, the installment payments required under the city charter would have been

---

[7] The following table indicates the differences in amounts petitioners owed and the amounts actually paid under the two installment payment schedule available to Royal Oak taxpayers.*

| Year | Total lawful taxes due | Lawful taxes due as of: | | Taxes actually paid as of: | |
|------|------|------|------|------|------|
| | | 7/31 | 10/31 | 7/31 | 10/31 |
| 1981 | 150,520 | 75,260 | 75,260 | 151,392 | 151,392 |
| 1982 | 146,298 | 73,149 | 73,149 | 127,397 | 127,397 |
| 1983 | 156,215 | 78,108 | 78,108 | 136,033 | 136,033 |
| 1984 | 178,619 | 89,310 | 89,310 | 137,908 | 137,908 |
| 1985 | 200,822 | 100,411 | 100,411 | 143,880 | 143,880 |
| 1986 | 257,388 | 128,694 | 128,694 | 157,056 | 157,056 |
| 1987 | 273,694 | 136,847 | 136,847 | 149,037 | 149,037 |
| 1988 | 284,524 | 142,262 | 142,262 | 145,755 | 145,755 |
| 1989 | 312,225 | 156,113 | 156,113 | 192,113 | 192,113 |
| 1990 | 302,321 | 151,161 | 151,161 | 185,739 | 185,739 |
| 1991 | 300,746 | 150,373 | 150,373 | 184,771 | 184,771 |

* Numbers are rounded to nearest whole dollar amount.

significantly less. Petitioners therefore paid excessive taxes in both July and October of the years at issue. Under § 37(4), those excess payments constitute unlawful sums and bear interest from the date of payment. The Tax Tribunal erred in calculating prejudgment interest as a matter of law.

### III. INTEREST ON JUDGMENT

Respondent claims that the tribunal erred in calculating the interest on the judgment by including prejudgment interest as part of the judgment. We disagree. In *Southfield Western, Inc v Southfield,* 206 Mich App 334; 520 NW2d 721 (1994), this Court rejected respondents' interpretation of § 37(4). *Southfield* held that prejudgment interest is part of the judgment itself under § 37(4) in addition to the excess tax payments. As a result, the Tax Tribunal correctly calculated postjudgment interest on the accrued prejudgment interest and the excess taxes.

Affirmed in part, reversed in part, and remanded to the Tax Tribunal to correct the calculation of prejudgment interest on petitioners' tax refunds in accordance with this opinion. We do not retain jurisdiction.