LIONEL TRAINS, INC v CHESTERFIELD TOWNSHIP

Docket No. 195787. Submitted May 7, 1997, at Detroit. Decided June 27, 1997, at 9:05 A.M.

Lionel Trains, Inc., filed in the Michigan Tax Tribunal a petition appealing personal property tax assessments by Chesterfield Township. The tribunal affirmed the assessments, upholding the respondent's use of the "in-use" multiplier set forth in the State Tax Commission manual to determine true cash value and the respondent's consideration of installation and freight costs and sales taxes in determining true cash value. The petitioner appealed.

The Court of Appeals *held*:

1. Use of the in-use multiplier results in a proper calculation of true cash value. The use to which property is put is a proper consideration in determining true cash value. The petitioner offered no evidence that the in-use multiplier inflates the value of personal property above what it would receive on the open market or that the multiplier taxes economic benefits that a business obtains from using the property. The petitioner offered no evidence in support of its contention that only the "economic residual" multiplier should be used because it is the only multiplier that results in an accurate calculation of true cash value.

2. The petitioner cited no authority in support of its contention that installation, freight, and sales taxes cannot be considered when determining the true cash value of personal property. The tribunal did not err in deciding that such costs can be included in the true cash value where they are part of the market and that a value that includes such costs may be adjusted by market evidence on appeal to the tribunal.

Affirmed.

TAXATION — PERSONAL PROPERTY — IN-USE MULTIPLIER.

The application of the "in-use" multiplier set forth in the State Tax Commission Manual to personal property when assessing personal property taxes thereon results in a proper calculation of true cash value (MCL 211.10e; MSA 7.10[5]).

*Ali Dagher*, for the petitioner.

*Anthony, Seibert & Dloski, PLLC* (by *Lawrence W. Dloski*), for the respondent.

Before: SMOLENSKI, P.J., and MICHAEL J. KELLY and GRIBBS, JJ.

SMOLENSKI, P.J. Petitioner appeals as of right the Michigan Tax Tribunal's opinion and judgment affirming respondent's 1994 and 1995 personal property tax assessments. We affirm.

Petitioner argues that the Tax Tribunal improperly upheld assessments that were made utilizing the purchase amounts of the personal property as reported by petitioner and multiplying those amounts by the "in-use" multiplier set forth in the State Tax Commission (STC) manual. Petitioner argues that the manual prescribes a nonuniform, unconstitutional system of taxing personal property; that the use of the in-use multiplier does not result in a determination of the true cash value of the property; and that the calculation of true cash value using the purchase price of the property plus freight, installation, and sales tax is improper. Petitioner's contentions have no merit.

The Michigan Constitution calls for the uniform taxation of property. Const 1963, art 9, § 3. The STC system for mass appraisals of personal property results in the uniform taxation of personal property. The STC manual sets forth the guidelines for assessing personal property, and respondent was required to utilize the manual in preparing petitioner's assessment.[1] MCL 211.10e; MSA 7.10(5). Under the STC manual, all personal property that is idle within the state

---

[1] See Chapter 15 of the State Tax Commission manual.

is treated the same. True cash value of that property is calculated utilizing the "idle" multiplier. All personal property that is obsolete or surplus within the state is treated the same. True cash value of that property is calculated utilizing the "economic residual" multiplier, which is the lowest multiplier and gives the lowest value to the property. All property that is not idle, obsolete, or surplus is treated the same. True cash value of property that is not idle, obsolete, or surplus is calculated by using an in-use multiplier.

Petitioner argues that the STC method of assessing personal property is improper because it taxes property on the basis of the uses of the property and not on the basis of the true cash value of the property. Petitioner offered no evidence that the STC multipliers do not calculate true cash values for personal property that are close to the values that such property would bring on the open market. Petitioner simply makes a broad claim that under the law the use of the property may not be considered when determining true cash value. We reject petitioner's claim. Rather, as stated in petitioner's cited case of *Safran Printing Co v Detroit*, 88 Mich App 376, 382; 276 NW2d 602 (1979), "[n]ormally, existing use may be indicative of the use to which a potential buyer would put the property and is, therefore, relevant to the fair market value of the property." See also MCL 211.27; MSA 7.27; *Meadowlanes Ltd Dividend Housing Ass'n v City of Holland*, 437 Mich 473, 484; 473 NW2d 636 (1991). However, where the use of the property bears no relationship to what a likely buyer would pay for the property, reliance by the tribunal on the existing use in determining the property's value is error.

*Safran, supra.* Here, there is no evidence that the in-use multiplier inflates the value of personal property above what it would receive on the open market.

Petitioner claims that the only multiplier that is truly indicative of the fair market value of personal property, even usable or in-use personal property, is the economic residual multiplier and not the in-use multiplier. Petitioner bases this conclusion on its analogy of the STC system with that set forth by the American Society of Appraisers (ASA). Petitioner contends that the economic residual multiplier is equivalent to the ASA "fair-market-removed" multiplier and that the ASA fair-market-removed multiplier is used to calculate true cash value of all personal property, whether it is idle, obsolete, or in use. Petitioner offered no evidence from which this Court or the tribunal could make a determination that the fair-market-removed multiplier was equivalent to the economic residual multiplier. In fact, petitioner's experts specifically identified that fair-market-removed referred to property that was not installed and was ready to be sold on the open market. Under the STC system, the economic residual multiplier is used only for property that is obsolete or surplus, meaning property that cannot be used unless it is repaired or retooled or property that has been abandoned by its owner and must be sold. If the economic residual multiplier is used to value all property as petitioner claims, including usable or in-use property, all personal property in Michigan would be assigned a true cash value as if it were obsolete or surplus. The STC system's economic residual multiplier is specifically designed to obtain a true cash value for such property, not for usable property.

In addition, petitioner argues that the in-use multi-plier takes into consideration economic benefits that a business is obtaining from using property and taxes those along with the true cash value of the property itself. There was no evidence presented that the STC in-use category taxes anything but the value of the property itself. Because petitioner did not offer any evidence that the in-use multiplier did not accurately calculate the true cash value of its property and because petitioner did not offer any evidence that applying the economic residual multiplier to all personal property would result in values that were closer to true cash values, the tribunal correctly held that petitioner had not proved that the economic residual multiplier should have been used. Moreover, petitioner's argument that the economic residual multiplier is the only STC multiplier that takes into account depreciation and obsolescence is erroneous. In *Jones & Laughlin Steel Corp v City of Warren*, 193 Mich App 348, 356; 483 NW2d 416 (1992), this Court specifically noted that the in-use multipliers accounted for depreciation and obsolescence up to a certain point in time on the basis of life tables.

Finally, petitioner's argument that installation, freight, and sales tax are improperly considered when determining the true cash value of personal property is not supported by any authority. This Court will not search for authority to support a party's position. *Samonek v Norvell Twp*, 208 Mich App 80, 86; 527 NW2d 24 (1994). In any event, we find no error. True cash value is synonymous with fair market value. *Jones, supra* at 353. Here, the tribunal stated that freight, sales tax, and installation could be appropriately included in the true cash value of personal prop-

erty where such costs are a part of the market, but that a value that includes such costs "may be adjusted by market evidence on appeal to the Tribunal." Such an approach complies with the tribunal's duty to apply its expertise to the facts of a case and utilize an approach that provides the most accurate valuation under the circumstances. *Id.* We will generally defer to the Tax Tribunal's interpretation of statutes that it is delegated to administer. *Thrifty Royal Oak, Inc v City of Royal Oak,* 208 Mich App 707, 711; 528 NW2d 205 (1995).

In summary, we conclude that the findings of the tribunal were supported by competent, material, and substantial evidence. *Jones, supra* at 352. The tribunal did not commit an error of law or adopt a wrong principle. *Id.*

Affirmed.