## A99A0412. FLAMBEAU CORPORATION v. MORGAN COUNTY BOARD OF TAX ASSESSORS.
### (520 SE2d 275)

RUFFIN, Judge.

Unhappy with the Morgan County Board of Tax Assessors' valuation of its personal property for tax purposes, Flambeau Corporation appealed its assessment to the county board of equalization, which lowered the assessment. The Board of Tax Assessors (the Board) then filed a de novo appeal to the superior court pursuant to OCGA § 48-5-311 (g). Following a jury trial, the jury valued Flambeau's machinery and equipment at $8,366,500, the amount proposed by the Board, and the trial court entered judgment in that amount.

In its sole enumeration of error, Flambeau contends that the trial court erred in entering judgment upon the jury verdict because all value evidence submitted by the Board "was of 'value in use in place' which is not a valid or legal standard of value." Flambeau does not contend generally that the evidence was insufficient to support the verdict and states in its brief that "the underlying issue is one of law, only." Thus, the only issue properly raised by Flambeau's enumeration is whether use of a "value in use in place" standard is improper as a matter of law, not whether the evidence in this case supported the jury's valuation under such a standard.

Unfortunately, in the argument section of its brief, Flambeau does not directly address the validity of a "value in use in place" standard as a matter of law. Rather, Flambeau argues that (1) the Board improperly adjusted the value of equipment and machinery to include freight and installation costs, thus "valuing equipment used by [Flambeau] as a separate class of tangible property than identical equipment held by other taxpayers for sale"; (2) the Board improperly included the value of fixtures and real property improvements in the value of Flambeau's personal property; and (3) the Board erroneously made a piecemeal valuation of parts of a going business instead of valuing the business as a whole. Of these three arguments, only the first has any relation to the issue raised in Flambeau's enumeration, and it goes more to the *application* of a "value in use in place" standard than to the propriety of using such standard in the first place.

Pursuant to OCGA § 48-5-7 (a), all tangible property is to be assessed based on its "fair market value." OCGA § 48-5-2 (3) defines fair market value as

> the amount a knowledgeable buyer would pay for the property and a willing seller would accept for the property at an arm's length, bona fide sale. With respect to the valuation of

equipment, machinery, and fixtures when no ready market exists for the sale of the equipment, machinery, and fixtures, fair market value may be determined by resorting to any reasonable, relevant, and useful information available including, but not limited to, the original cost of the property, any depreciation or obsolescence, and any increase in value by reason of inflation.

OCGA § 48-5-2 (3) (A) provides that

[i]n determining the fair market value of a going business where its continued operation is reasonably anticipated, the tax assessor may value the equipment, machinery, and fixtures which are the property of the business as a whole where appropriate to reflect the accurate fair market value.

OCGA § 48-5-2 (3) (A) clearly authorizes the tax assessor to value the assets of a going concern "as a whole," rather than valuing such assets as if they were to be sold piecemeal. James Nolan, the county's chief appraiser during the time in question, testified that, if a plant's assets were to be dismantled and sold piecemeal, costs for shipping and installing the equipment in a new location would not be included in the price paid by the purchaser. However, if the plant were to be sold as a going concern, with the equipment already installed and in use as an operating unit, such costs would be reflected in the purchase price. In other words, someone purchasing all the assets of a going concern will pay more than someone purchasing the same assets piecemeal, since the purchaser in the first instance will not have to incur the additional expenses, such as transportation and installation, necessary to assemble the equipment and integrate it into an operational unit. Thus, a piece of equipment in place and in operation as part of a going business is worth more than the same piece of equipment sitting idle.

Flambeau does not contest the validity of this analysis and indeed admits in its reply brief that it is "partly correct." It seems clear that, in authorizing the assets of a going concern to be valued "as a whole" for tax purposes, OCGA § 48-5-2 (3) (A) contemplates that the assets are to be valued as installed and in use on their current site. If the assets "as a whole" were to be valued as if they were to be dismantled for shipping and installation in a new location, there would be no reason for the statute to require that the "continued operation" of the business be "reasonably anticipated." We note that courts in other states have upheld the use of a similar analysis in determining the fair market value of a going concern's tangible assets. See *Sorokach v. Trusewich*, 35 N. J. Super. 86, 92 (113 A2d

194) (1955) (goal in determining fair market value of machinery and equipment of going business is "to determine 'the fair market value of the machinery in place at the defendant's factory' "); *Boise Cascade Corp. v. Dept. of Revenue*, 12 Ore. Tax. 263, 268-269 (Ore. Tax. Ct. 1991) (market value of taxable property includes "assemblage value," or "[v]alue created by assembling separate parts into an integrated whole," including " 'start up' expenses incurred in bringing the assemblage to the point where it operates as an integrated unit"); *Lionel Trains v. Chesterfield Township*, 224 Mich. App. 350, 354-355 (568 NW2d 685) (1997) (upholding application of "in use" multiplier, as well as inclusion of freight and installation costs, in determining fair market value of property in use).

Because Flambeau has not shown that "value in use in place" is, as a matter of law, an inappropriate method of determining fair market value for taxation purposes, and because it does not contend that the Board's evidence in general was insufficient to sustain the jury's verdict, its sole enumeration of error is without merit.

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED JULY 1, 1999.

*Zimmerman & Associates, James G. Killough,* for appellant.

*Lambert & Roffman, Allan R. Roffman, Marvin J. Reitman, Jr., Hulsey, Oliver & Mahar, Thomas L. Fitzgerald,* for appellee.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, Warren R. Calvert, Senior Assistant Attorney General, Michael P. Ludwiczak,* amici curiae.