972 F.2d 356
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 J.T. GARNER, Plaintiff-Appellant,
v.
Thomas M. TUGGLE, Washington County District Judge,
Defendant-Appellee.
 No. 92-3111.
 United States Court of Appeals, Tenth Circuit.
 Aug. 6, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on plaintiff J.T. Garner's motion for leave to proceed on appeal without prepayment of costs or fees. In order to succeed on that motion, Mr. Garner must show both: (1) a financial inability to pay the required filing fees, and (2) the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962). See also Neitzke v. Williams, 490 U.S. 319 (1989).
 
 
 3
 Garner sued Judge Thomas M. Tuggle, a district judge of Washington County, Kansas, pursuant to 42 U.S.C. § 1983. The nature of Garner's complaint is somewhat murky. He charges that Judge Tuggle violated Garner's due process rights by ordering the sealing of certain records and by entering an order enjoining Garner from filing any further pleadings related to that matter. He asserts that Judge Tuggle exceeded his authority in issuing such a ruling, and that he did so out of malice. The orders relate to probate proceedings involving realty and other property belonging to Frederick Iwert. Garner is imprisoned, among other reasons, for the felony murder of Iwert. Garner sought $3.1 million in damages, as well as a declaratory judgment that Judge Tuggle was not immune from suit and that Garner's constitutional rights had been violated.
 
 
 4
 The district court dismissed the action finding that Judge Tuggle was absolutely immune from liability in the § 1983 civil rights complaint. Order of Jan. 24, 1992 at 1. "A judge acting in his judicial capacity is absolutely immune from civil rights suits unless the judge acts clearly without any colorable claim of jurisdiction." Snell v. Turner, 920 F.2d 673, 686 (10th Cir.1990), cert. denied, 111 S.Ct. 1622 (1991). See also Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Mee v. Ortega, 967 F.2d 423, 425 (10th Cir.1992). That immunity does not dissolve when the judge is accused of acting maliciously or corruptly. Pierson v. Ray, 386 U.S. 547, 554 (1967); Christensen v. Ward, 916 F.2d 1462, 1473 (10th Cir.), cert. denied, 111 S.Ct. 559 (1990).
 
 
 5
 Garner's own actions undermine his assertion that Judge Tuggle acted without any jurisdiction. Garner admits that he filed a Motion for Recusal attempting to prevent Judge Tuggle's further involvement in the case. Complaint at 7-8, p 6.
 
 
 6
 In resolving Garner's requested declaratory relief, we have consistently held that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." Id. We agree with the district court that Garner has failed to state facts which would support a cause of action under § 1983.
 
 
 7
 Because Garner's argument on appeal lacks any rational basis, his motion for leave to proceed without prepayment of costs or fees is DENIED, and the appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3