**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 10 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

J.T. GARNER,

      Petitioner-Appellant,

        v.

DAVID McKUNE, and the
ATTORNEY GENERAL OF THE
STATE OF KANSAS,

      Respondents-Appellees.

No. 97-3036
(D.C. No. 96-3122-DES)
(D. Kan.)

ORDER AND JUDGMENT*

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Petitioner J.T. Garner appeals the order of the district court dismissing his habeas petition under 28 U.S.C. § 2254. He requests a certificate of probable

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

cause to appeal, which we liberally construe as a request for a certificate of appealability. See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996). This court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). We deny Garner's request and dismiss the appeal.

Garner was convicted in state court in 1984 of attempted theft, two counts of forgery, and felony murder. His present habeas petition asserts the following grounds for relief: (1) state court's refusal to furnish transcripts to him; (2) indictment returned by illegally impaneled grand jury; (3) perjury at trial; (4) victim was actually killed by his brother; (5) failure of biased judge to recuse himself; (6) state court's failure to appoint counsel for post-conviction proceedings; and (7) state court's failure to permit evidentiary hearings in post-conviction proceedings. Garner raised grounds (2), (3), (4), (6), and (7) in a previous § 2254, see Garner v. Davies, 1991 WL 261728 (D. Kan. 1991), aff'd (10th Cir. 1992). As these claims are clearly successive, they cannot serve as a basis for our granting a certificate of appealability.

Garner seeks transcripts of the grand jury and trial proceedings, which he asserts will reveal illegal activities during the grand jury proceedings and that he is innocent of the murder. Garner's claims of illegal grand jury proceedings and sufficiency of the evidence to support the murder conviction were addressed in

his previous § 2254 action. Providing Garner with the requested transcripts would only encourage him to reassert claims that have already been addressed and rejected. Therefore, the district court's denial of Garner's request for transcripts cannot serve as a basis for our granting a certificate of appealability.

Garner complains that Judge Thomas M. Tuggle, a state district judge, was biased and should have recused himself. Garner maintains Judge Tuggle entered an order enjoining him from filing further pleadings in the probate of the victim's estate, see Garner v. Tuggle, 1992 WL 189103 (10th Cir. 1992), and that Judge Tuggle failed to acknowledge Garner's appearance in a case where Garner was the plaintiff. Garner also complains that Judge Dale E. Saffels, a senior federal district judge, has "shown prejudice" by "allowing the named respondents to delay or otherwise prolong the proceedings of a constitutional question of law."

We review the denial of a request for recusal for an abuse of discretion. United States v. Burger, 964 F.2d 1064, 1070 (10th Cir. 1992). An affidavit to disqualify a judge must show facts indicating the existence of the judge's personal bias and prejudice. United States v. Bray, 546 F.2d 851, 857 (10th Cir. 1976). Garner has not shown that the judges abused their discretion in their rulings.

Garner filed an application for entry of default, a motion for directed verdict, and a motion for default judgment, which were denied by the district court. Garner argues respondents failed to answer or otherwise respond to those

-3-

motions by August 31, 1996, the last deadline issued by the district court, and that the court should have granted his § 2254 petition. However, respondents filed a motion to dismiss on August 5, 1996, and the district court granted that motion on February 7, 1997. Service of a motion to dismiss alters the period of time for answering. See Fed. R. Civ. P. 12(a)(4). Respondents were not required to file an answer, and Garner was not entitled to default judgment or a directed verdict.

The certificate of appealability is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge