# IN THE COURT OF APPEALS OF IOWA

No. 16-0503
Filed February 22, 2017

**BLUESCOPE BUILDINGS NORTH AMERICA, INC.,**
    Petitioner-Appellant,

**vs.**

**CINCINNATI INSURANCE COMPANY,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Cass County, Timothy O'Grady, Judge.

BlueScope appeals an interest award on its judgment determining coverage under an insurance contract, contending the district court should have applied Minnesota law rather than Iowa law to set the statutory rate. **AFFIRMED.**

Chester C. Woodburn III of Hansen, McClintock & Riley, Des Moines, for appellant.

Michael J. Frey of Hellige, Frey & Roe, R.L.L.P., Sioux City, for appellee.

Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**TABOR, Judge.**

This case involves litigation over insurance coverage under a commercial general liability (CGL) policy issued to an Iowa company by Cincinnati Insurance Company and the choice-of-law question as to which state's statutory interest rate should apply to the judgment entered by the Iowa district court against Cincinnati under the insurance contract.

Concept Builders, LTD—based in Atlantic, Iowa—worked as a subcontractor to erect a metal building at a large dairy farm in Minnesota. The building collapsed under heavy snowfall in February 2011. The dairy's insurer, Travelers Indemnity Company, paid its insured $3.4 million for property loss and business interruption. Thereafter, Travelers filed suit in Minnesota against the building's general contractor, BlueScope Buildings North America, Inc.[1] and subcontractor Concept. In turn, BlueScope asserted the building collapsed due to Concept's defective workmanship.

The parties settled the Minnesota litigation, causally linking the collapse to failures by both contractors. BlueScope paid Travelers $3.0 million. Concept confessed judgment in favor of BlueScope for $1.0 million—representing the consequential damages resulting from the building collapse, inclusive of all costs, fees, and interest—and assigned Concept's rights under its CGL policy with Cincinnati to BlueScope.

---

[1] More precisely, Lester Buildings LLC contracted with the dairy to construct the metal building, and Lester subcontracted with Concept. After construction was completed but before litigation commenced, BlueScope purchased Lester. For simplicity, we will refer to BlueScope as the general contractor.

Meanwhile, in May 2013, Cincinnati filed a declaratory judgment action in Iowa. Cincinnati admitted issuing the CGL policy to Concept but asserted the policy did not cover the claims against Concept in the Minnesota litigation. Once the Minnesota litigation settled, BlueScope, as assignee, filed a counterclaim against Cincinnati in the Iowa case. BlueScope sought indemnity of the judgment confessed by Concept, as well as interest and costs.

Before the December 2015 hearing in Iowa district court, BlueScope and Cincinnati agreed Iowa substantive law applied to the court's interpretation of the CGL insurance policy. On January 27, 2016, the district court concluded, under Iowa law, the building's collapse constituted an "occurrence" and $440,540.34 of claimed damages fell outside the policy's "your work" exclusion.[2] The district court entered judgment for that amount and applied Iowa law to the calculation of interest on the judgment.

On appeal, BlueScope challenges only the application of Iowa's rate of statutory interest, asserting the court should have instead applied Minnesota's higher rate of statutory interest to the Iowa judgment. We review a declaratory judgment action tried to the district court for errors at law. *See Grinnell Mut. Reins. Co. v. Voeltz*, 431 N.W.2d 783, 785 (Iowa 1988).

Assuming BlueScope properly pleaded and offered proof of the Minnesota statute, we are not persuaded the district court erred in applying the Iowa statutory rate of interest. BlueScope cites no authority in support of its position, and we will not undertake a party's research. *See Hyler v. Garner*, 548 N.W.2d

---

[2] Based on the "your work" exclusion, the court denied BlueScope's claims for lost revenue related to methane energy production, for handling costs, and for rebuilding the structure. BlueScope does not challenge the denial of those claims in this appeal.

864, 876 (Iowa 1996). Because Cincinnati brought suit in Iowa, we apply our own choice-of-law rules. *See Hussemann ex rel. Ritter v. Hussemann*, 847 N.W.2d 219, 222 (Iowa 2014). Our supreme court has embraced the Restatement (Second) Conflict of Laws section 187 (Am. Law Inst. 1971), which permits the parties to agree on the law to be applied to a contract, unless either: (1) the chosen state has no substantial relationship to the parties or transaction or (2) the application of the law of the chosen state would override the public policy of a state having a materially greater interest in the transaction. *See Hussemann*, 847 N.W.2d at 223. Neither exception applies here. Because the parties agreed Iowa law governed the court's interpretation of the CGL policy, Iowa law also governs the interest on the Iowa judgment. *See Johnson v. Cont'l Airlines Corp.*, 964 F.2d 1059, 1063 (10th Cir. 1992) (rejecting "smorgasbord approach" by party attempting to pick and choose between the laws of two states to its own advantage).

**AFFIRMED.**